J-S67045-19

2020 PA Super 5

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
                              :
            v.                :
                              :
                              :
DAJUAN SAUNDERS               :
                              :
            Appellant         :  No. 1283 MDA 2019

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000420-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                 **FILED JANUARY 10, 2020**

Appellant, Dajuan Saunders, appeals from the order entered in the

Court of Common Pleas of Lackawanna County denying his first petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46,

following an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On November

20, 2010, police stopped Appellant's vehicle in Lackawanna County, and at

lower court docket number 2011 CR 1456, he was charged with offenses

related to driving while under the influence of alcohol ("DUI")-highest rate of

alcohol, 75 Pa.C.S.A. § 3802(c). Appellant pled guilty to the offense, and since

it was his second offense, he was sentenced to one year to five years in prison.

Appellant served time in prison on this conviction from July 11, 2011, until

_____

[*] Former Justice specially assigned to the Superior Court.

November 26, 2012, at which time he was placed on probation. N.T., 6/25/18, at 2.

While on probation with regard to 2011 CR 1456, Appellant was arrested, convicted, and sentenced with regard to an aggravated assault he committed in Monroe County. This triggered a probation revocation hearing with regard to 2011 CR 1456, and following the revocation of his probation at 2011 CR 1456, Appellant served time in prison from March 23, 2013, until March 22, 2016. *Id.* at 3. Appellant averred 11½ months of this time was credited towards his Monroe County sentence while the remaining 24½ months was credited towards his probation revocation sentence for 2011 CR 1456. *Id.* at 3-4.

Meanwhile, Appellant filed a petition for *writ* of *habeas corpus* in the federal court with regard to his conviction at 2011 CR 1456, and on February 12, 2016, the United States District Court for the Middle District of Pennsylvania vacated the conviction.[1] ***See Saunders v. Asure***, No. 13-CV-3056, 2016 WL 561947 (M.D. Pa. Feb. 12, 2016). Appellant was subsequently released from prison.

On February 9, 2017, in the instant matter, Appellant was arrested in Lackawanna County while in possession of a plastic bag containing heroin, and

---

[1] The federal court reasoned that guilty plea counsel was ineffective in failing to advise Appellant before he pled guilty that in order to be convicted under Section 3802(c) his blood alcohol content had to have been taken within two hours of driving. Appellant's blood was drawn outside this two hour window.

he was charged with various offenses, which were docketed at lower court number 2017 CR 420. On September 29, 2017, Appellant, who was represented by counsel, entered a guilty plea to one count of possession with the intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30), and one count of criminal use of a communication facility, 18 Pa.C.S.A. § 7512(a).

On December 8, 2017, following a hearing, Appellant was sentenced to two years to four years in prison for PWID, as well as a consecutive one year of probation for criminal use of a communication facility. The sentences were to commence on December 8, 2017, and the trial court indicated Appellant was boot camp eligible as long as he met all of the other requirements. The trial court gave Appellant 142 days of credit for time he served pretrial from February 20, 2017, to July 1, 2017, with regard to the instant offenses. Despite being provided with his post-sentence and appeal rights, Appellant filed neither a post-sentence motion nor a direct appeal.

On February 21, 2018, Appellant filed a timely, *pro se* PCRA petition, and counsel was appointed to assist him. Appellant filed an amended PCRA petition alleging that with respect to the instant case (2017 CR 420) he should be given credit for time served in the unrelated DUI criminal case (2011 CR 1456) since the latter conviction was vacated by the federal court. Specifically, Appellant requested that, with regard to his conviction at 2017 CR 420, the PCRA court give him credit of 41 months for time he served with regard to the vacated sentence at 2011 CR 1456. *Id.* at 4-5.

On June 25, 2018, the matter proceeded to a PCRA evidentiary hearing. At the hearing, Appellant argued that he has 41 months of time that he served on a now-vacated sentence and, therefore, the state "owes him [this] time." *Id.* at 5. In response, the Commonwealth argued that Appellant might have a civil remedy for the time he served with regard to 2011 CR 1456; however, the prison time was not to be "banked" for future use against subsequent crimes. *Id.* at 8.

By order entered on July 10, 2019, the PCRA court denied Appellant's PCRA petition, and on July 31, 2019, this timely, counseled appeal followed. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following sole issue in his "Statement of the Questions Involved" (verbatim):

I.    Did the trial court commit an error of law and/or abuse its discretion in failing to apply the Defendant's credit for time served under 11 CR 1456 to the sentence imposed in 17 CR 420?

Appellant's Brief at 4 (suggested answer omitted).

In the case *sub judice*, Appellant was given 142 days of credit for the time he served in pretrial detention (February 20, 2017, to July 1, 2017) with regard to the instant offenses at 2017 CR 420. However, Appellant contends that he is entitled to additional credit for time served. Specifically, he avers he is entitled to credit for time he served in prison with regard to his conviction in an unrelated case, 2011 CR 1456, which was later vacated by the federal court. In this vein, Appellant asserts "[t]he only place that the confinement

- 4 -

[from the now vacated sentence] can be applied is [to] the present sentence [for 2017 CR 420]." Appellant's Brief at 11.

We begin by acknowledging that "[o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Issues relating to the legality of a sentence are questions of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is *de novo* and the scope of review is plenary. *Id.*

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides as follows:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

In the case *sub judice*, Appellant does not recognize the existence of this statute and has not developed any argument indicating that any provision of Section 9760 is applicable to his request for credit for time served with regard to 2011 CR 1456. In any event, we conclude Appellant is not entitled to the credit he seeks for the unrelated, now vacated sentence.

No language in 42 Pa.C.S.A. § 9760 provides, or even suggests, that an individual is entitled to credit for time served for periods of incarceration on offenses committed years prior to and wholly unrelated to the current charges. Rather, this Court has noted the general rule is that "[c]redit is not given…for a commitment by reason of a separate and distinct offense."

- 6 -

***Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa.Super. 1995) (quotation omitted).

Further, our Supreme Court has cautioned that the Pennsylvania Constitution neither permits nor requires the establishment of "penal checking accounts," whereby time served on unrelated charges later declared invalid may be subsequently applied toward a future sentence. ***Martin v. Pennsylvania Bd. of Probation and Parole***, 576 Pa. 588, 605, 840 A.2d 299, 308-09 (2003). ***See Commonwealth v. Clark***, 885 A.2d 1030 (Pa.Super. 2005) (noting that those who have been wrongfully detained for invalid charges may not generally apply that time to unrelated sentences).

In the case *sub judice*, as to Appellant's case at 2017 CR 420, we conclude the lower court did not err in refusing to give Appellant credit for the time he served with regard to his earlier vacated sentence at 2011 CR 1456. Simply put, our Constitution does not permit defendants to "bank" time served with regard to one conviction so that it may later be credited against a wholly unrelated subsequent conviction.[2]

---

[2] We note that, in developing his claim, Appellant relies on ***Gasper v. Com., Bd. of Probation and Parole***, 388 A.2d 1139 (Pa.Cmwlth 1978) (*en banc*). Initially, we note that we are not bound by the decisions of our sister court. ***See Petow v. Warehime***, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010). Further, as discussed *infra*, ***Gasper*** is distinguishable from the case *sub judice*.

In ***Gasper***, the appellant was sentenced in three separate cases and, after he was paroled on his first and second sentences, he began serving his third sentence. His second sentence was dismissed at one point and credit

- 7 -

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/10/2020

---

for time served on the second sentence was applied to the third sentence, which he was then currently serving. The appellant argued credit should be applied to both his first and third sentences. The Commonwealth Court concluded this would constitute an improper double credit, and thus, the court denied the request.

Unlike the appellant in **Gasper**, Appellant in the case *sub judice* was not currently serving his sentence on 2017 CR 420 when the federal court vacated his sentence in 2011 CR 1456. Rather, Appellant committed his crimes in 2017 CR 420 nearly a year after the federal court vacated his sentence at 2011 CR 1456. Moreover, it is noteworthy that in **Gasper** the Commonwealth Court did not analyze or specifically apply Section 9760.