J-S47013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMETRIUS CEFUS LAWS | |
| Appellant | No. 254 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 9, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0004062-2018

BEFORE:  STABILE, J., NICHOLS, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 09, 2021**

Appellant Dametrius Cefus Laws appeals from the January 9, 2020 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following his guilty plea to robbery of a motor vehicle and theft by unlawful taking.[1]  His counsel has filed a brief and an application to withdraw pursuant to **_Anders v. California_**, 386 U.S. 738 (1969), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The facts and procedural history of this case are undisputed. In connection with an incident occurring on March 1, 2016, Appellant pleaded guilty to conspiracy to commit robbery at docket number 3466-2016 (the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3702(a) and 3921(a), respectively.

"First Case"). On March 17, 2017, the trial court sentenced him five to 10 years' imprisonment in the First Case.

While incarcerated, on June 22, 2018, Appellant was charged in the instant case—docket number 4062-2018 (the "Second Case")—with, *inter alia*, robbery of a motor vehicle and theft by unlawful taking arising out of an incident that occurred on April 3, 2016. Appellant pleaded guilty to robbery of a motor vehicle and theft by unlawful taking in the Second Case. On January 9, 2020, the trial court sentenced Appellant to 36 to 72 months' imprisonment followed by 2 years' probation. The presentence investigation report indicated that Appellant was not entitled to any time credit. On February 6, 2020, Appellant *pro se* filed a "Petition for Credit for Imprisonment While in Custody Prior to Sentence," alleging that he was entitled to 455 days' credit for time served.[2] On the same day, Appellant timely appealed his judgment of sentence. The trial court appointed counsel. Eventually, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error, challenging the trial court's failure to credit him for time served in the Second Case. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's sentencing issue lacked merit. The court determined that Appellant was not entitled to any credit for time served in the

_____

[2] Appellant *pro se* later amended the time credit from 455 to 474 days. He calculated the days from August 6, 2018 (the date of his preliminary arraignment in the Second Case) to January 9, 2020 (the date of sentencing *sub judice*).

- 2 -

Second Case because he was serving the sentence in the First Case, which arose out of a distinct and separate criminal incident.

On July 13, 2020, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an *Anders* brief, wherein counsel raised the following issue. "Is [] Appellant entitled to a credit of 474 days for time served against the sentence imposed in the present case and did [the trial court] err in failing to award that credit at the time of sentencing?" *Anders* Brief at 2.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to

withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole issue before us implicates the legality of sentence. **See Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) (noting that "[a] challenge to the trial court's failure to award credit for time spent in

custody prior to sentencing involves the legality of sentence"), ***appeal***

***denied***, 944 A.2d 756 (Pa. 2008). Issues relating to the legality of a sentence

are questions of law. ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa.

Super. 2016), ***aff'd*** 168 A.3d 137 (Pa. 2017). Our standard of review over

such questions is *de novo* and the scope of review is plenary. ***Id.***

Credit for time served is governed by Section 9760 of the Sentencing

Code, which provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and

any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

Instantly, we agree with counsel that Section 9760 does not entitle Appellant to relief. It is well-settled that "[n]o language in Section 9760 provides, or even suggests, that an individual is entitled to credit for time served for periods of incarceration on offenses . . . wholly unrelated to the current charges." *Commonwealth v. Saunders*, 226 A.3d 1019, 1022 (Pa. Super. 2020) (citing *Commonwealth v. Miller*, 655 A.2d 1000, 1002 (Pa. Super. 1995)). Indeed, this Court specifically has recognized that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa. Super. 2005) (citation omitted).

Here, while Appellant was serving his sentence in the First Case, he was arraigned and eventually sentenced in the (instant) Second Case. Thus, to the extent Appellant requests 474 days' credit for time served from the date of his preliminary arraignment (August 6, 2018) until sentencing (January 9, 2020) in the Second Case, such request is contrary to settled law. As stated, Appellant was serving his sentence in the First Case when he was charged, arraigned, convicted, and sentenced in the Second Case. Both cases arose

out of separate and distinct criminal incidents. Accordingly, Appellant is not entitled to any credit for time served.

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with Appellant's counsel that the sentencing issue Appellant seeks to litigate in this appeal is wholly frivolous. We, therefore, affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021