J-A12014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| DERRICK GIBSON | |
| | |
| Appellant | No. 1353 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 16, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002546-2019

BEFORE:  LAZARUS, J., STABILE, and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED: August 10, 2021**

Appellant Derrick Gibson appeals from the September 16, 2020 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following his guilty plea to aggravated harassment by a prisoner.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, while incarcerated at State Correctional Institute – Retreat, Appellant spat on a corrections officer and another individual.  On September 16, 2020, Appellant pled guilty to one count of aggravated harassment by a prisoner and the trial court sentenced him to 24 to 48 months' imprisonment.  The sentence was to run concurrently with the 10-20 years sentence he was then serving.  At sentencing, Appellant asked the court whether he could "get any time

_____

[1] 18 Pa.C.S.A. § 2703.1.

credit" because he had not "made bail on this case." N.T. Sentencing, 9/16/20, at 12. The trial court responded: "You can't get credit. All your credit is on your current sentence. You can't get credit on two cases at once. So you're getting credit on your current sentence that you're serving. There's not credit on this case." *Id.* Appellant appealed to this Court. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only whether the trial court erred "by not providing [him] 618 days of time credit at sentencing since [Appellant] did not post bail in his case and requested that the time credit be applied to this case[.]" Appellant's Brief at 4.

Appellant's sole issue before us implicates the legality of sentence. *See* ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (noting that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence"), ***appeal denied***, 944 A.2d 756 (Pa. 2008). Issues relating to the legality of a sentence are questions of law. ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2016), ***aff'd*** 168 A.3d 137 (Pa. 2017). Our standard of review over such questions is *de novo* and the scope of review is plenary. *Id.*

Credit for time served is governed by Section 9760 of the Sentencing Code, which provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

Instantly, we agree with the trial court determination that Section 9760 does not entitle Appellant to relief. It is well-settled that "[n]o language in Section 9760 provides, or even suggests, that an individual is entitled to credit for time served for periods of incarceration on offenses . . . wholly unrelated to the current charges." *Commonwealth v. Saunders*, 226 A.3d 1019, 1022 (Pa. Super. 2020) (citing *Commonwealth v. Miller*, 655 A.2d 1000, 1002

(Pa. Super. 1995)). Indeed, this Court specifically has recognized that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa. Super. 2005) (citation omitted).

Here, while Appellant was serving a separate sentence, he was charged, convicted and, eventually, sentenced in this case. Thus, to the extent Appellant requests 618 days' credit for time served from the date his bail was set (January 7, 2019) until sentencing (September 16, 2020) in this case, such request is contrary to settled law. As stated, Appellant already was serving a 10-20-year prison sentence in an unrelated and separate case when he was charged, convicted, and sentenced in this case. The sentence herein was to **run concurrently** with the sentence he was then serving because of separate and unrelated criminal incidents. Accordingly, Appellant is not entitled to any credit for time served.[2]

Judgment of sentence affirmed.

---

[2] To the extent Appellant relies on **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008) to compel a different outcome, such reliance is misplaced. The holding in **Mann** is relevant only in situations where a defendant is taken into custody on account of a parole board detainer and fails for any reason to post bail on his or her new charges. As the trial court aptly noted, Appellant "was not a parole violator and was not subject to a parole detainer." Trial Court Opinion, 12/14/20, at 3. As stated, when Appellant committed aggravated harassment by a prisoner, he was incarcerated on other, unrelated charges.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/10/2021</u>