J-A25015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYNIECIA MILTON-BIVINS | : | |
| | : | |
| Appellant | : | No. 576 WDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0004177-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYNIECIA MILTON-BIVINS | : | |
| | : | |
| Appellant | : | No. 577 WDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0007609-2010.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JANUARY 10, 2022**

Tyniecia Milton-Bivins appeals from the order denying her petition for relief filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Milton-Bivins' claim in her appeal involves the proper credit for time served as awarded by the trial court at two separate dockets: No: CP-02-CR-0007609-2010 (Case Number 7609-2010), and No. CP-02-CR-0004177-2015 (Case Number No. 4177-2015). However, because a proper disposition of Milton-Bivins' claim implicates a third docket, No. CP-02-CR-0008439-2005 (Case Number 8439-2005), we provide the following procedural history as to all three dockets:

### A. Case Number 8439-2005

On March 13, 2006, [Milton-Bivins] pleaded guilty to two counts of theft by deception and five counts of criminal conspiracy. She was sentenced to an aggregate sentence of twenty-one years of probation and ordered to pay $24,037.49 in restitution to National City Bank, Dollar Bank, and Standard Bank.

On December 5, 2016, the court held a probation violation hearing, and continued probation with the arrangement that [Milton-Bivins] would pay $50.00 a month in restitution.

On November 16, 2017, the court held another violation hearing, during which it found that [Milton-Bivins] failed to make payments toward her restitution, revoked her probation and resentenced her to an aggregate sentence of not less than seven nor more than fourteen years of incarceration. The trial court denied [Milton-Bivins'] post-sentence motion on December 20, 2017. []

### B. Case Numbers 7609-2010 and 4177-2015

On September 19, 2011, at [Case Number 7609-2010], [Milton-Bivins] pleaded guilty to one count of fraud obtaining food stamps. She was sentenced to seven years of probation and ordered to pay $47,706.05 in restitution.

On November 4, 2015, at [Case Number 4177-2015], [Milton-Bivins] pleaded guilty to eight counts of theft and three counts of possession of controlled substance. The trial

court sentenced her to an aggregate sentence of five years of probation and ordered [her] to pay $10,000.00 in restitution to UPMC.

On February 10, 2017, at a probation violation hearing [at both Case Numbers], the court sentenced [Milton-Bivins] to seven years of probation and ordered that she make regular $100.00 monthly payments total on the balance of restitution.

On April 20, 2018, the court held another violation hearing, during which it found that [Milton-Bivins] had failed to make $100.00 monthly payments on the combined restitution, revoked her probation in both cases, and resentenced her to not less than three and a half [to no] more than seven years of incarceration, to run concurrent to the incarceration imposed at [Case Number 8439-2005]. The court denied [Milton-Bivins'] post sentence motion on May 17, 2018. []

*Commonwealth v. Milton-Bivins*, 221 A.3d 1257 (Pa. Super. 2019), non-precedential decision at 1-4 (footnotes omitted).

Milton-Bivins timely appealed at all three dockets, which we consolidated. On September 13, 2019, this Court held that, at each docket, the trial court failed to consider Milton-Bivins' ability to pay restitution prior to revoking her probation for failing to do so. *Id.* at 8. We therefore vacated Milton-Bivins' judgment of sentence at all three dockets and remanded for resentencing.

As to Case Number 8439-2005, the Honorable Lester Nauhaus, on January 15, 2020, sentenced Milton-Bivins to time served, with immediate parole. According to the Commonwealth, Judge Nauhaus credited the following periods for time served: 1) from August 29, 2016, to December 16, 2016; 2) from July 10, 2017, to July 14, 2017; 3) from July 18, 2017, to

November 16, 2017; and 4) from November 16, 2017, to January 15, 2018. *See* Commonwealth's Brief at 4-5.

At Case Numbers 7609-2010 and 4177-2015, the Honorable Beth A. Lazzara, resentence Milton-Bivins to concurrent sentences of 3½ to 7 years of imprisonment. Judge Lazzara awarded time credit at each docket. At Case Number 7609-2010, she awarded credit for the following time periods: 1) July 5, 2017, to July 9, 2017; 2) February 10, 2017, to February 23, 2017; and 3) April 20, 2018, to January 10, 2020—a total of 650 days. At Case Number 4177-2015, Judge Lazarra awarded credit for the following time periods: 1) March 23, 2015, to April 2, 2015; 2) December 17, 2016, to February 23, 2017; 3) July 5, 2017, to July 9, 2017; and 4) April 20, 2018, to January 10, 2020—a total of 716 days.

On February 26, 2020, Milton-Bivins filed a *pro se* pleading requesting reinstatement of her appellate rights and permission to proceed *in forma pauperis*. The record discloses no disposition of this filing. Thereafter, on September 8, 2020, Milton-Bivins filed a motion for time credit at Case Numbers 7609-2010 and 4177-2015. This filing was treated as a PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed an amended PCRA petition, and the Commonwealth filed an answer. On March 26, 2020, the PCRA court filed a Pa.R.Crim.P. 907 Notice of its intent to dismiss Milton-Bivins' petition with a hearing. Milton-Bivins filed a response. By order entered April 13, 2021, the PCRA court dismissed her PCRA petition. This

- 4 -

timely appeal followed. Both Milton-Bivins and the PCRA court complied with Pa.R.A.P. 1925.

Milton-Bivins raises the following issue:

I. The PCRA Court erred in denying relief where the Court did not award proper credit for time served resulting in an illegal sentence.

Milton-Bivins' Brief at 4.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Moreover,

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

To be granted relief under the PCRA, Milton-Bivins must prove, by a preponderance of the evidence, that her sentence resulted from one of the circumstances listed in 42 Pa.C.S.A. section 9543(a)(2). Milton-Bivins contends that her sentence is illegal because she was not given proper credit for time served. A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA. *Commonwealth v. Saunders*, 226 A.3d 1019, 1021 (Pa. Super. 2020). Issues challenging the legality of a sentence are questions of law, such that our scope of review is plenary. *Id.*

Section 9760 of the Crimes Code governs credit for time served. The purpose behind this section is to allow criminal defendants "credit for time spent in custody before being sentenced for a given offense." *Commonwealth v. Merigris*, 681 A.2d 194, 194 (Pa. Super. 1996). However, the case law has firmly established that courts should prevent petitioners from receiving a "windfall on sentencing for a completely unrelated crime." *Commonwealth v. Hollawell*, 604 A.2d 723, 726 (Pa. Super. 1992). Previous decisions have been clear and consistent with their intention to avoid "deal[ing] in volume discounts." *Id.* "Pursuant to 42 Pa.C.S. § 9760(4), credit is to be awarded if, on the date of the defendant's arrest on the charges for which he is being sentenced, he was already incarcerated for unrelated charges for which he was not given credit for any other sentence." *Commonwealth v. Miller*, 655 A.2d 1000, 1003 (Pa. Super. 1995).

Subsection 9760(4) allows for time from separate charges to be credited, but only if the time has not already been "credited against another sentence." *Id.*

Here, Milton-Bivins contends that her sentence is illegal because, although the trial court imposed concurrent sentences, it "did not award credit for time served on both case[s.]" Milton-Bivins' Brief at 11. In support of this assertion, Milton-Bivins notes that during the resentencing hearing, Judge Lazzara imposed concurrent sentences and specifically stated that she be given credit for all time served. N.T., 1/10/20, at 37. According to Milton-Bivins, however, "[t]he problem is, the written sentencing orders did not reflect what was announced on the record." Milton-Bivins' Brief at 13. She then cites the above disparity in the time credit awarded at each docket and requests a remand so that the PCRA court could "address the fact that different credit for time served was awarded on each case and rectify the discrepancy by awarding fully concurrent credit." *Id.* at 14. According to Milton-Bivins, her "fully concurrent sentence" should be "treated as fully concurrent by awarding credit for all time served on these underlying cases as she awaited the [trial court's] imposition of a new sentence." *Id.*

To support her claim, Milton-Bivins lists various times for which she was detained during the history of the cases and asserts that she is entitled to over a thousand days at each docket. *Id.* at 14-15. The PCRA court found no merit to this claim:

> Essentially, [Milton-Bivins] is seeking double credit[.]

***

As the Commonwealth correctly points out in its Answer, [Milton-Bivins] failed to attach any supporting documentation reflecting the time-credit that had been awarded for her sentences before this court. She also failed to attach documentation of time credit for cases before Judge Nauhaus. The matters before Judge Nauhaus are implicated in her claims. [Milton-Bivins] does not cite to any legal authority in support of her claimed entitlement to duplicate credit at the above-captioned case numbers.

Nevertheless, this court will address the merits of her claims since the necessary information regarding her time-credit claims can be obtained from the record. In short, the periods of credit claimed by [Milton-Bivins] are time periods that were already credited towards [Case Number 8439-2005] with the Honorable Judge Nauhaus and already accounted for the credit awarded by this court in [Case Number 4177-2015].

Rule 907 Notice, 3/26/21, at 2-3.

Our review of the records in the two cases at issue on appeal, in conjunction with Case Number 8439-2005, supports the PCRA court's conclusion that "the record unequivocally shows that [Milton-Bivins] was properly awarded time-credit for all claimed periods of incarceration." *Id.* at 3.

In her brief to this Court, Milton-Bivins likewise fails to acknowledge that some of the time periods she claims were not credited in the cases at issue, had already been awarded in the unrelated Case Number 8439. Moreover, she cites no authority for basing her claim for identical time credit on the fact that the two sentences for Case Number 7609-2010 and Case Number 4177-2015 were imposed concurrently. Indeed, pertinent case law provides that

she is not entitled to duplicate credit for unrelated charges, notwithstanding the sentences for these offenses were imposed concurrently). ***See***, ***e.g.***, ***Bright v. Pennsylvania Board of Probation and Parole***, 831 A.2d 775, 778 (Pa. Cmwlth. 2003) (holding that inmate was not entitled to have time-credit applied to each of ten concurrent sentences for unrelated robberies; credit could only be applied once to one sentence).[1]

In sum, because the PCRA court correctly rejected Milton-Bivins' claim for additional time credit for the two cases at issue, we affirm its order denying her post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2022

---

[1] The record does support the Commonwealth's assertion that Milton-Bivins may have received duplicate credit applied to each concurrent sentence at issue. ***See*** Commonwealth's Brief at 14.