J-S36028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ZEYA ICQUISE DIXON | : | |
| Appellant | : | No. 652 WDA 2025 |

Appeal from the PCRA Order Entered May 28, 2025
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000700-2023

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  January 21, 2026**

Appellant Zeya Icquise Dixon appeals from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant claims that the PCRA court erred in dismissing his claims concerning ineffective assistance of counsel.  After review, we affirm.

The factual basis of Appellant's plea was as follows:

On October 15, 2023, at about 6:45 a.m. at 230 Ford City Road in South Buffalo Township, [Appellant] hid in Izabell Tulk-Prenter's [(the victim)] car while he was under a [protection from abuse (PFA)] order to stay away from her.  When she got into the car, [Appellant] told [the victim] to act normal and drive away or he was going to punch the s**t out of her.

[The victim] related that she drove a short distance and [Appellant] told her to turn onto another road where his vehicle was parked.  He told her that she could not leave unless he got

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

into his vehicle. Otherwise, he would run her off the road[. Appellant] then proceeded to follow [the victim] as she drove to work.

N.T. Plea Hr'g, 3/15/24, at 8.

Appellant was arrested and charged with stalking, false imprisonment, defiant trespass, harassment, and kidnapping.[2,3] On March 15, 2024, Appellant pled guilty to stalking, false imprisonment, defiant trespass, and harassment. The trial court sentenced Appellant to an aggregate term of twenty-five to seventy-two months' incarceration on April 30, 2024. Appellant did not file post-sentence motions or a direct appeal.

In January of 2025, Appellant filed two letters, which the PCRA court deemed a *pro se* PCRA petition.[4] The PCRA court appointed Lisa Peluso, Esq., who filed an amended PCRA petition on Appellant's behalf. An evidentiary hearing was held on April 21, 2025. At the evidentiary hearing, the PCRA court heard testimony from Justin Carpenter, Esq. (Plea Counsel); Taylor Johnson, Esq. (Sentencing Counsel); and Appellant. After the hearing, the PCRA court ordered both Appellant and the Commonwealth to file post-hearing briefs. Both parties complied with the PCRA court's order.

_____

[2] 18 Pa.C.S. §§ 2709.1(a)(1); 2903(a); 3503(b)(1)(i); 2709(a)(1); & 2901(a)(3), respectively.

[3] The trial court later quashed the kidnapping charge. **See** PCRA Ct. Mem. & Order, 5/28/25, at 2.

[4] **See Commonwealth v. Hagan**, 306 A.3d 414, 421-22 (Pa. Super. 2023) (stating that regardless of how a pleading is titled a court should treat any pleading filed after a defendant's judgment of sentence is final "as a PCRA petition if it requests relief contemplated by the PCRA" (citations omitted)).

On May 28, 2025, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether the [PCRA] court erred in failing to find Plea Counsel ineffective for encouraging [Appellant] to make and maintain contact with the victim resulting in the plea being coerced due to the Commonwealth's threat of adding on witness intimidation charges if [Appellant] did not take the plea?

2. Whether the [PCRA] court erred in failing to find counsel ineffective for failing to challenge the affidavit and criminal complaint that were filed when the copies provided to [Appellant] failed to contain the requisite signatures constituting defects in the charging documents which should have resulted in dismissal of the charges?

3. Whether the [PCRA] court erred in failing to find [Sentencing] Counsel ineffective for failing to ensure that [Appellant] had notice of his withdrawal so that a timely direct appeal could be filed?

Appellant's Brief at 7 (some formatting altered).

In reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim

- 3 -

is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations and quotations omitted and formatting altered). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Additionally, when a defendant enters a plea,

a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. A defendant is bound by the statements which he makes during his plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citations omitted and some formatting altered).

In his first issue, Appellant argues that the PCRA court erred by dismissing his claim that Plea Counsel was ineffective for encouraging Appellant to make and maintain contact with the victim, which resulted "in the plea being coerced due to the Commonwealth's threat of adding on witness

- 4 -

intimidation charges if [Appellant] did not take the plea." Appellant's Brief at 13. Although Plea Counsel refuted Appellant's claim during his testimony at the evidentiary hearing, Appellant argues that Plea Counsel's testimony was "self-serving" and, therefore, should have been rejected by the PCRA court. *See id.* at 13-15 (citations omitted).

The PCRA court addressed Appellant's claim as follows:

[Appellant] asserts that he entered into an involuntary guilty plea due to [Plea Counsel's alleged ineffective assistance].

While [Appellant] was incarcerated, he was communicating with and receiving funds from the victim. [Appellant] testified that [Plea Counsel] advised him to communicate with the victim and to tell the victim not to show up to trial so that the case would be dismissed. Because of the communications taking place between [Appellant] and the victim, the Commonwealth threatened to bring felony intimidation of a witness charges. As a result of the Commonwealth's threat, which [Appellant] asserts only arose due to [Plea Counsel's] alleged advice to communicate with and convince the victim not to show up at trial, [Appellant] argues that he involuntarily plead guilty.

[Plea Counsel] denied advising [Appellant] to communicate with the victim. [Plea Counsel] testified that he explained to [Appellant] that the Commonwealth had a decent case and indicated that [Appellant's] chances at trial would be higher if the victim was not present to testify. However, [Plea] Counsel clarified that he told [Appellant] that under no circumstances could [Appellant] attempt to ensure the victim's absence at trial. [Plea Counsel] further testified that when [Appellant] told him that the victim was contacting [Appellant], he told [Appellant] to stop communicating with her. Overall, [Plea Counsel] reiterated several times that he never told [Appellant] to communicate with the victim, specifying further that he never advised [Appellant] to attempt to prevent the victim from testifying at trial.

Under Rule 1.2(d) of the Rules of Professional Conduct, "[a] lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed

- 5 -

course of conduct with a client[.]" Merely informing a defendant that his case would have a higher likelihood of success without the testimony of the key victim does not itself translate to an attorney encouraging his client to engage in conduct he knows to be criminal, such as intimidating a witness.

The court does not find [Plea Counsel] ineffective for allegedly inducing [Appellant] into entering a guilty plea.

In the present case, there is conflicting testimony as to whether [Plea Counsel] advised [Appellant] to contact the victim. However, the burden falls upon [Appellant] to overcome the presumption that counsel is effective. Ultimately, the court finds that [Appellant] has not proven that [Plea Counsel] advised him to contact the victim, nor has [Appellant] presented evidence that would undermine [Plea Counsel's] credibility as a practicing attorney bound by the Rules of Professional Conduct.

Furthermore, the record reflects that [Appellant] entered his guilty plea knowingly and voluntarily. [Appellant] completed a written guilty plea questionnaire, which specifically addressed his understanding of his guilty plea as well as his satisfaction with his counsel. Additionally, before the court accepted his guilty plea, the court thoroughly questioned [Appellant] and [Appellant] affirmed that he was voluntarily pleading guilty and that he was satisfied with [Plea Counsel's] representation.

PCRA Ct. Mem. & Order, 5/28/25, at 4-6 (some formatting altered).

Following our review, we conclude that the PCRA court's findings are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043-44. At the evidentiary hearing, Plea Counsel repeatedly rejected the allegation that he told Appellant to contact the victim in an attempt to convince her not to testify. *See* N.T. Evidentiary Hr'g, 4/21/25, at 6-9. The PCRA court credited Plea Counsel's testimony.[5] *See* PCRA Ct. Mem. & Order, 5/28/25, at

---

[5] Appellant argues that Plea Counsel's testimony was "self-serving" and that "self-serving, unsubstantiated and unsworn statements by counsel are not
*(Footnote Continued Next Page)*

6. Additionally, Appellant's oral plea colloquy established that he was satisfied with Plea Counsel's representation and that Appellant read and signed the written guilty plea questionnaire. **See** N.T. Plea Hr'g, 3/15/24, at 5-6; **see also Orlando**, 156 A.3d at 1281. The written guilty plea questionnaire established that Appellant was not threatened or forced to plead guilty, that it was Appellant's decision to plead guilty, and that Appellant read the entire questionnaire, understood it, and that all of his answers were true and correct. **See** Written Guilty Plea Questionnaire, 3/15/25, at 3, 8, 10; **see also Commonwealth v. Gonzalez**, 2233 EDA 2020, 2021 WL 5822148, at *10 (Pa. Super. filed Dec. 7, 2021) (unpublished mem.) (finding a claim that counsel's alleged ineffective assistance induced a guilty plea meritless where defendant testified under oath that he completed and signed the written colloquy form, and the form established defendant was satisfied with counsel

---

competent evidence." Appellant's Brief at 14-15 (citing **Jacquin v. Pennick**, 449 A.2d 769, 772 n.1 (Pa. Cmwlth. 1982)). Initially, we note that **Jacquin** is a decision of our sister court, the Commonwealth Court, and is, therefore, not binding on this Court. **See Commonwealth v. Saunders**, 226 A.3d 1019, 1023 n.2 (Pa. Super. 2020). In any event, the **Jacquin** court was not addressing testimony of counsel but rather statements of counsel made during argument. **See Jacquin**, 449 A.2d at 772 n.1 (stating "the assertions of counsel at argument are not evidence and cannot affect the Court's resolution of the issues as illuminated by the evidence that has been properly brought to the Court's attention"). Here, Plea Counsel was testifying **under oath** at an evidentiary hearing. **See** N.T. Evidentiary Hr'g, 4/21/25, at 4 (establishing that Plea Counsel was sworn prior to testifying). Therefore, Plea Counsel's statements were not "unsworn" and **Jacquin** is inapplicable.

and that it was defendant's decision to plead guilty).[6] Accordingly, the PCRA court's conclusions are supported by the record and free of legal error and no relief is due. **See Sandusky**, 203 A.3d at 1043-44.

Appellant also argues that the PCRA court erred by rejecting his claim that "counsel [was] ineffective for failing to challenge the affidavit and criminal complaint that were filed when the copies provided to [Appellant] failed to contain the requisite signatures constituting defects in the charging documents which should have resulted in dismissal of the charges." Appellant's Brief at 15. Appellant concedes that the affidavit and criminal complaint in the record contain all the proper signatures but argues that "[i]t is unclear when such documents were actually signed and . . . that such documents were essentially forgeries and/or created after the fact so that the charges could be held over." **Id.** at 16 (citation omitted). Appellant argues that the PCRA court "gloss[ed] over this disparity in the documents and relied on the filed documents which contained the proper signatures." **Id.**

The PCRA court addressed Appellant's claim as follows:

> [Appellant] argues that prior counsel was ineffective for failing to raise the issue that the probable cause affidavit and criminal complaint were allegedly unsigned. [Appellant] testified that the copies of the affidavit and the complaint that he received from Elizabeth Christopher, Esq. during the initial stages of discovery in December, 2023, were not properly signed by the affiant and magistrate. [Plea Counsel], who began representing [Appellant] soon after December, 2023, testified that the complaint was properly signed. [Plea] Counsel further testified that there were

---

[6] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

no issues regarding an unsigned complaint. [Appellant] acknowledged that the copies of these documents on the docket are signed, but asserts that they were forged or signed at a later date.

After review of the docket, the court finds that the probable cause affidavit and criminal complaint are properly signed. The record reflects that these documents were properly signed and filed in October, 2023. As such, this issue is meritless and [Appellant] has failed to meet his burden in proving that prior counsel was ineffective.

PCRA Ct. Mem. & Order, 5/28/25, at 9 (some formatting altered).

Following our review, we conclude that the PCRA court's findings are supported by the record and free of legal error. **See Sandusky**, 203 A.3d at 1043-44. The record reflects that the affidavit of probable cause and criminal complaint were filed on October 27, 2023. **See** Trial Ct. Docket No. 700-2023 at 6. As Appellant concedes, both the affidavit of probable cause and the criminal complaint included in the certified record contain all the proper signatures. **See** Criminal Compl., 10/15/23, at 4; Aff. of Probable Cause, 10/15/23, at 1; **see also** Appellant's Brief at 16. Further, Plea Counsel testified that he did not recall any irregularities with the complaint in Appellant's case and that he believed the complaint in Appellant's case was signed. **See** N.T. Evidentiary Hr'g, 4/21/25, at 5.

While Appellant maintains that the copies in the certified record were forged or created after the fact, the only evidence he provides to support his claim are the unsigned copies of the documents in his possession and his own supporting testimony. **See** Am. PCRA Pet., 3/18/25, at Exhibit D; N.T. Evidentiary Hr'g, 4/21/25, at 16-20. When asked about the signed copies of

these documents in the record, Appellant testified that he received the unsigned copies as part of informal discovery after arraignment from the attorney that briefly represented him before Plea Counsel[7] and that his possession of these unsigned documents means that the signed documents in the record were signed at a later date than that which appears on the docket. *See* N.T. Evidentiary Hr'g, 4/21/25, at 16-20. Given the signed copies of these documents in the record, the docket showing the date that the documents were filed, and Plea Counsel's testimony, the PCRA court's conclusion that Appellant's claim is meritless is supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043-44; *see also Davis*, 262 A.3d at 596.

In his remaining issue, Appellant argues that the PCRA court erred by rejecting his claim that Sentencing Counsel was ineffective for failing to ensure that Appellant had notice of Sentencing Counsel's withdraw so that he could file a timely *pro se* appeal.[8] Appellant's Brief at 16-18.

_____

[7] For reasons unknown to this Court, Appellant did not call his prior attorney to testify at the evidentiary hearing to corroborate his explanation regarding the unsigned documents. We note that it is the PCRA petitioner's burden to prove claims of ineffective assistance of counsel. *See Sandusky*, 203 A.3d at 1043-44.

[8] We note that Appellant raised a different claim in the PCRA court. *See* Am. PCRA Pet., 3/18/25, at 4. Specifically, Appellant claimed that "he told [Sentencing Counsel] repeatedly to file an appeal and [Sentencing Counsel] failed to do so." *Id.* (citation omitted). However, in his Rule 1925(b) Statement, Appellant failed to raise this claim and instead raised the claim above. *See* Rule 1925(b) Statement, 5/30/25, at 1. Additionally, Appellant

*(Footnote Continued Next Page)*

"[I]t is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver regardless of whether the Commonwealth raises a timely and specific objection to them at the time they are raised." **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) (citation omitted). Additionally,

> [o]ur criminal procedural rules reflect that the PCRA judge may grant leave to amend [a PCRA petition] at any time, and that amendment shall be freely allowed to achieve substantial justice. Pa.R.Crim.P. 905(A). Nevertheless, it is clear from the [text of Rule 905(A)] that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing. . . . [A] petitioner may not simply "amend" a pending petition with a supplemental pleading. Rather, Rule 905 explicitly states that amendment is permitted only by direction or leave of the PCRA Court.

**Id.** at 625 n.30 (some formatting altered and some citations omitted).

Here, Appellant claims that Sentencing Counsel was ineffective for failing to ensure that Appellant had notice of Sentencing Counsel's withdrawal. **See** Appellant's Brief at 7, 16-18; **see also** Rule 1925(b) Statement, 5/30/25,

---

has failed to include this claim in the statement of the questions involved section of his appellate brief. **See** Appellant's Brief at 7. Accordingly, to the extent that Appellant wished to raise a claim that Sentencing Counsel failed to file an appeal after Appellant requested him to do so, we find that claim waived. **See** Pa.R.A.P. 1925(b)(4)(vii)(providing that issues not included in a Rule 1925(b) statement are waived on appeal); Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); **see also Commonwealth v. Snyder**, 870 A.2d 336, 340-41 (Pa. Super. 2005) (finding waiver of issues not raised in a Rule 1925(b) statement despite the trial court failing to order a Rule 1925(b) statement).

at 1.  Although Appellant raised that claim in his Rule 1925(b) statement, he did not raise it in his PCRA petition.

The record reflects that Appellant briefly referenced this claim in his post-hearing brief while arguing his claim that Sentencing Counsel was ineffective for failing to file a direct appeal.  **See** Appellant's Br. in Supp. of Am. PCRA Pet., 4/23/25, at 5 (unpaginated) (stating that "due to issues with [Appellant] being transported during the time that [Sentencing Counsel] withdrew, [Appellant] did not have proper notice that [Sentencing Counsel] had withdrawn and was unable to preserve his appeal rights").  However, Appellant never sought leave from the PCRA court to amend his petition to include a claim regarding Sentencing Counsel's failure to ensure that he had notice of Sentencing Counsel's withdrawal.[9]  Since Appellant did not raise the instant claim in his PCRA petition, we find this claim waived.  **See Mason**, 130 A.3d at 625 n.30, 627; **see also Commonwealth v. Reid**, 99 A.3d 470, 483-84 (Pa. 2014) (stating that, despite the fact that the PCRA court's Rule 1925(a) opinion addressed claims raised in petitioner's supplemental PCRA petitions, the claims raised in the unauthorized supplements were waived).  Accordingly, no relief is due.

Order affirmed.  Jurisdiction relinquished.

---

[9] The PCRA court's order directing Appellant to file a post-hearing brief does not authorize the amendment of Appellant's PCRA petition and merely states, in relevant part, that Appellant "shall file a brief summarizing his position . . . ."  PCRA Ct. Order, 4/22/25.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  <u>1/21/2026</u>