J-S39035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK ANDREW GRIFFITH :
:
Appellant : No. 115 MDA 2022

Appeal from the Judgment of Sentence Entered December 15, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000642-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 18, 2023**

Appellant Mark Andrew Griffith appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant's counsel (Counsel) has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[1] brief. After review, we deny Counsel's petition to withdraw, vacate the judgment of sentence, and remand for resentencing.

The record reveals that on September 30, 2020, Appellant pled guilty to a tier three, third offense of driving under the influence[2] (DUI), which was graded as a felony of the third degree.  **_See_** N.T., 9/30/20, at 1.  That same date, the trial court sentenced Appellant to a period of five years' probation, with twelve months on house arrest (initial sentence).  **_See id._** at 7-8.  The

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

[2] 75 Pa.C.S. § 3802(d)(2).

trial court gave Appellant credit for the time he spent on house arrest and in an inpatient rehabilitation center prior to his plea. *See id.* at 8-9. Specifically, the trial court afforded Appellant credit toward the initial sentence for the time Appellant spent on house arrest from January 4, 2020, through August 4, 2020, and from September 14, 2020, through September 30, 2020. *See id.* at 8-9. The trial court also credited Appellant with the time spent in an inpatient rehabilitation program from August 4, 2020, through August 30, 2020. *See id.* The trial court awarded a total of 257 days of time credit towards the initial sentence. Additionally, the trial court ordered that Appellant must successfully complete DUI wellness court as a specific condition of probation. *See id.* at 7-10.

On November 17, 2021, Appellant was discharged from the DUI wellness court for failing to comply with the treatment program. Order, 11/17/21; *see also* N.T., 12/15/21, at 2-3. Because successful completion of the DUI wellness court program was a specific condition of his probation, Appellant stipulated that his discharge from the DUI wellness court program was a probation violation, and the trial court revoked Appellant's probation. *See* N.T., 12/15/21, at 2-3. The trial court then sentenced Appellant to a term of twenty-one to forty-two months of incarceration (revocation sentence). *See id.* at 10. The trial court provided Appellant with eighty-four days of credit toward the revocation sentence which included the time Appellant spent incarcerated from October 8, 2021, through December 15, 2021, and the time

between July 20, 2021, and August 3, 2021, when Appellant was incarcerated as a sanction pursuant to the DUI wellness court program. *See id.* at 5, 10.

After the trial court imposed the revocation sentence, Appellant filed a timely appeal, and the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of Rule 1925(b) statement, Counsel filed a notice of intent to file an *Anders*/*Santiago* brief pursuant to Rule 1925(c)(4). Statement, 2/10/22. On May 4, 2022, the trial court filed a statement in lieu of a Rule 1925(a) opinion noting that it would not file an opinion in this matter.

Counsel's *Anders*/*Santiago* brief identifies two potential issues

1. Whether [Appellant] properly received credit for time spent incarcerated prior to his sentencing?

2. Whether the trial court erred in finding [Appellant] in violation of his probation under *Commonwealth v. Koger*[, 255 A.3d 1285 (Pa. Super. 2021)]?

*Anders*/*Santiago* Brief at 4 (formatting altered).

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has

the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Goodwin***, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the

- 4 -

*Anders*/*Santiago* brief.[3]  *See Goodwin*, 928 A.2d at 290.  Moreover, Counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*.  Specifically, Counsel includes a summary of the relevant factual and procedural history, refers to portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous.  *See Santiago*, 978 A.2d at 361.  Accordingly, we conclude that Counsel has satisfied the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issue raised in Counsel's *Anders*/*Santiago* brief.

In the *Anders*/*Santiago* brief, Counsel first identifies a claim that the trial court failed to properly award credit for time served.  Specifically, that in addition to the eighty-four days of credit the trial court awarded toward the revocation sentence, the trial court should have also awarded credit for the 257 days of time credit that the trial court had previously credited toward the initial sentence.  *Anders*/*Santiago* Brief at 10-11.  After review, we conclude that this issue is frivolous and agree with Counsel's assessment that applying 257 days of time credit toward both the initial sentence and the revocation sentence would award Appellant with "double credit."  *Id.* at 8-9.

Claims challenging the failure to award credit for time served implicate the legality of the sentence.  *Commonwealth v. Saunders*, 226 A.3d 1019, 1021 (Pa. Super. 2020).  "Issues relating to the legality of a sentence are

---

[3] Appellant did not file a response to Counsel's petition to withdraw.

questions of law. . . . Our standard of review over such questions is *de novo* and the scope of review is plenary." ***Id.*** (citations omitted). Moreover, when reviewing an appeal from the judgment of sentence imposed following the revocation of probation "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000) (citations omitted). Where the trial court imposes sentence after the revocation of probation, it is limited only by the maximum sentence that it could have imposed at the time of the original sentence. ***Id.***

The Sentencing Code[4] addresses credit for time served, in relevant part, as follows:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

However, when a probationer receives credit for time served on his initial sentence, he is not entitled to have that same time-credit applied to a sentence imposed following revocation of probation unless the revocation sentence would exceed the statutory maximum. ***See Commonwealth v.***

---

[4] 42 Pa.C.S. §§ 9701-9799.75.

*Yakell*, 876 A.2d 1040, 1042-43 (Pa. Super. 2005) (stating that "when the total sentence for the probation violation, added to the initial sentence, is less than the statutory maximum, there is no requirement to give any credit for any of the time served on the original sentence."); *see also Commonwealth v. Bowser*, 783 A.2d 348, 350 (Pa. Super. 2001) (explaining that a defendant is not entitled to have credit for time served applied to both the initial sentence and the revocation sentence as long as the combined sentences do not exceed the statutory maximum).

Here, Appellant's DUI charge was graded as a felony of the third degree. *See* N.T., 9/30/20, at 1; *see also* N.T., 12/15/21, at 2. The record reflects that Appellant had already received credit toward his initial sentence for the 257 days that he served on house arrest and inpatient treatment prior to the initial sentencing. *See* N.T., 9/30/20, at 8-9. The total incarceration portion of Appellant's revocation sentence when added to his initial sentence did not exceed the statutory maximum of seven years for a felony of the third degree,[5] and because the trial court had already afforded Appellant credit for these 257 days toward his initial sentence, there was no error in the court declining to award that same 257 days of credit toward his revocation sentence. *See Yakell*, 876 A.2d at 1042 (stating "the maximum sentence for the probation violation when added to the original incarceration cannot exceed the statutory maximum sentence for the underlying crime."); *see also*

_____

[5] *See* 18 Pa.C.S. § 1103(3).

*Bowser*, 783 A.2d at 350. Accordingly, Appellant received credit for time served. *See Saunders*, 226 A.3d at 1021.[6] After review, we agree with Counsel's conclusion that this issue is frivolous. *See Goodwin*, 928 A.2d at 291.

In the second issue Counsel identified in the *Anders*/*Santiago* brief, he contends that the trial court erred in finding Appellant in violation of his probation pursuant to *Koger*. *Anders*/*Santiago* Brief at 11-12. After review, we agree with Counsel's assessment that the issue is frivolous.

The *Koger* Court held that a trial "court may find a [probationer] in violation of probation only if the [probationer] has violated one of the specific conditions of probation . . . included in the probation order or has committed a new crime." *See Koger*, 255 A.3d at 1290. However, a probationer cannot be found in violation of the conditions of his probation if the conditions are not properly communicated to the probationer by the trial court. *See id.* at 1287 ("[B]ecause the court did not advise [the probationer] of the conditions of his probation and parole at the time of the initial sentencing, the court could not have found he violated these conditions.").

_____

[6] Although Appellant was entitled to have the time that he spent incarcerated credited toward either his initial sentence or the revocation sentence pursuant to 42 Pa.C.S. § 9760(1), the trial court was not obligated to award Appellant credit for the time spent on house arrest. *See Commonwealth v. Kyle*, 874 A.2d 12, 18 (Pa. 2005) (holding that "criminal defendants are not entitled to credit against a sentence of imprisonment for time spent subject to home monitoring programs."); *see also Commonwealth v. Dixon*, 161 A.3d 949, 952 (Pa. Super. 2017) (explaining that time spent on home confinement with electronic monitoring is not counted as time-served as it is not time spent in custody pursuant to Section 9760(1); 42 Pa.C.S. § 9760(1).

Here, the record reflects that successful completion of the DUI wellness court program was a specific condition of Appellant's probation and that Appellant was advised of this condition at the time of his initial sentencing. *See* N.T. 9/30/20, at 2, 7, 10-11. Moreover, it is undisputed that Appellant was aware of the condition and violated his probation by failing to successfully complete the DUI wellness court program. *See* Order 11/17/21 (removing Appellant from the DUI court wellness program); *see also* N.T., 12/15/21, at 2 (illustrating that Appellant's plea counsel stipulated that Appellant violated his probation because Appellant failed to successfully complete the DUI wellness court program).

On this record, we conclude that the trial court advised Appellant that successful completion of the DUI wellness court program was a condition of his probation, Appellant violated this condition by failing to complete the program, and plea counsel stipulated to this violation at the probation revocation hearing. Accordingly, we agree with Counsel's conclusion that Appellant's *Koger* claim is frivolous.

For these reasons, we conclude that the issues identified in the *Anders*/*Santiago* brief are frivolous. However, our independent review has uncovered an additional issue implicating the legality of Appellant's revocation sentence. *See Flowers*, 113 A.3d at 1250.

It is well settled that this Court may address an illegal sentence *sua sponte* and that an illegal sentence must be vacated. *Commonwealth v. Derrickson*, 242 A.3d 667, 673 (Pa. Super. 2020). "Because the legality of

a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." ***Id.*** (citation omitted).

As noted above, Appellant was convicted of 75 Pa.C.S. § 3802(d)(2), and following the revocation of probation, the trial court imposed a sentence of twenty-one to forty-two months of incarceration. ***See*** N.T., 12/15/21, at 10. We note that 75 Pa.C.S. § 3804(d) provides:

> **(d) Extended supervision of court.--**If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. § 3804(d). Here, our review of the record reveals that when Appellant was evaluated for treatment pursuant to 75 Pa.C.S. § 3814, the evaluation recommended "High Intensity Residential Services." Assessment, 6/4/20.

Accordingly, after revoking Appellant's initial sentence, because the trial court imposed a sentence of total confinement with a minimum and maximum sentence, pursuant to Sections 3804(d) and 3814, the trial court was required to impose a minimum and maximum sentence equal to the statutory maximum. ***See*** 75 Pa.C.S. §§ 3804(d); 3814. As stated previously, Appellant's offense was graded as a felony of the third degree which allows

for a maximum sentence of seven years. *See* 18 Pa.C.S. § 1103(3). However, because the trial court imposed a revocation sentence of total confinement with a minimum and maximum term of only twenty-one to forty-two months, the revocation sentence is less than the statutory maximum, and the sentence is illegal. *Cf. Commonwealth v. Popielarcheck*, 190 A.3d 1137, 1145 (Pa. 2018). On this record, we are constrained to vacate Appellant's revocation sentence and remand for resentencing in conformance with Section 3804(d).

Moreover, although we conclude that Counsel complied with *Anders*/*Santiago* and identified issues that could arguably support an appeal, and while we are cognizant that this legality of sentencing issue is not in Appellant's favor,[7] because we vacate the revocation sentence and remand for resentencing, we must deny Counsel's petition to withdraw as Appellant is entitled to counsel during resentencing. *See Commonwealth v. Johnson*, 158 A.3d 117, 122 (Pa. Super. 2017) (explaining that a criminal defendant has a right to counsel at all critical stages of criminal proceedings, and sentencing is a critical stage).

For the reasons set forth above, we conclude that Counsel complied with the requirements of *Anders*/*Santiago*. However, because the revocation sentence is illegal pursuant to Section 3804(d) as it does not provide a

---

[7] *See, e.g., Commonwealth v. Williams*, 2021 WL 1924152, at *3 (Pa. Super. 2021) (noting that in the *Anders*/*Santiago* context, counsel is not to argue against his or her client).

maximum term of supervision or probationary tail equal to statutory maximum, we deny Counsel's petition to withdraw, vacate the revocation sentence, and remand for resentencing consistent with this memorandum.

Counsel's petition to withdraw denied. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023